UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOHN HARWOOD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **UNICARE LIFE & HEALTH** | § | **SA-09-CV-0845 OG (NN)** |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

**TO:    Honorable Orlando Garcia**
**United States District Judge**

   This report and recommendation address plaintiff John Harwood's motion to remand and

defendant Unicare Life & Health Insurance Company's (Unicare's) motion to dismiss.  I have

authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district

judge's order of referral.[1]  After considering the motions, the responses and the applicable

authorities, I recommend denying the motions.

   **Nature of the case**.  Harwood sued Unicare to recover $28,000.00 he paid for medical

treatment for his former wife, Serenity Lewis (previously, Harwood).  Lewis was covered by a

health benefits plan issued by Unicare.  According to the complaint, Harwood and his father paid

for Lewis's treatment because Unicare wrongfully denied benefits for Lewis's care.[2]  The

Harwood divorce decree awarded Harwood "the claim for hospitalization expenses for treatment

---

[1]Docket entry # 32.

[2]Docket entry # 14, p. 1.

of [Lewis]" and ordered Lewis "to fully cooperate in furtherance of [the] claim."[3]  Lewis signed releases, authorizing Unicare to provide the administrative record for her claim, and her personal medical records, to Harwood's attorney.  It is undisputed that Lewis executed releases to enable Harwood to pursue reimbursement of Lewis's hospitalization costs.

**Harwood's motion to remand**.  Harwood initially filed this case in state court.  Unicare removed the case to this court, arguing that Harwood's claims are preempted by ERISA.[4]  Although Harwood moved to remand the case,[5] he also amended his complaint to state a claim under ERISA.[6]  In doing so, Harwood implicitly conceded that his claim is properly in federal court.  The district court has jurisdiction over this case because it presents a federal question—whether Unicare wrongfully denied coverage for Lewis's treatment.  Despite Harwood's argument about concurrent jurisdiction, the case is properly in federal court.  The motion to remand should be denied because the court has subject-matter jurisdiction.

**Unicare's motion to dismiss**.  Unicare asked the district court to dismiss this case, arguing that Harwood lacks standing to assert a claim for benefits.  Because ERISA permits a suit for enforcement by a plan participant or a beneficiary, Unicare argued that Harwood lacks standing because Harwood is not a plan participant or a beneficiary.[7]  Unicare contended that the plan recognizes only assignments of claims to medical providers.  Unicare seeks dismissal under

[3]Docket entry # 21, exh. 1, p. 14.

[4]Docket entry # 1.

[5]Docket entry # 7.

[6]Docket entry # 13.

[7]Docket entry # 23, p. 8.

Rule 12(b)(1).

Rule 12(b)(1) permits a defendant to move to dismiss a claim for lack of subject matter jurisdiction.[8]  One way a defendant can challenge subject matter jurisdiction is to argue that the plaintiff lacks standing.  To have standing, (1) a plaintiff must allege (and ultimately prove) an "injury in fact," (2) "there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant," and (3) a likelihood must exist the relief sought will redress the plaintiff's alleged injury.[9]

The parties did not specifically address these elements, but there can be no serious question about whether Harwood satisfies the elements.  Harwood satisfies the injury-in-fact element because he paid for Lewis's medical treatment.  Causation exists because Harwood would not have paid for Lewis's medical treatment if Unicare had paid.  The relief Harwood seeks—benefits under the plan—will redress Harwood's injury.

Harwood maintains he has derivative standing by virtue of Lewis's assignment of benefits memorialized in the divorce decree.  Unicare maintains that ERISA does not permit an assignee to seek enforcement of benefits.  ERISA, however, is actually silent on the matter.[10]  The Fifth Circuit has not addressed the precise issue here, but in a case involving a hospital that was an assignee of an ERISA-governed employee welfare plan participant, the court determined that the hospital had derivative standing to bring a cause of action for enforcement under ERISA.  The

---

[8]Fed. R. Civ. P. 12(b)(1).

[9]*See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998).

[10]29 U.S.C. § 1132(a) (permitting a participant or beneficiary to file a civil action to recover benefits under the terms of her plan).

court explained that unlike ERISA-governed pension plans, Congress did not include an anti-assignment provision for health care benefits—the court determined that no statutory language even remotely suggests that assignments of claims for health care benefits are proscribed or ought to be limited.[11]  In another case, the Fifth Circuit explained that the validity of the assignment of health care benefits depends on a construction of the plan at issue.[12]

The plan in this case contains an assignment provision, but the provision does not preclude assignments.  Instead, the provision explains the circumstances under which the insurer will recognize an assignment by a provider licensed and practicing within the United States.[13]  Unicare recognizes that courts often allow assignments to medical providers to encourage providers to accept plan participants who are unable to pay up front,[14] but characterizes Harwood as a "random individual" seeking enforcement of plan benefits.  Harwood is not a random individual seeking enforcement of plan benefits—Harwood is a individual who claims to have paid for treatment that should have been paid for by Unicare.  The plan does not explicitly preclude Lewis from assigning her claim to Harwood.  Considering the Supreme Court's recent observation that historically courts have found ways to allow assignees to bring suit,[15] the court

---

[11]*See Tango Transp. v. Healthcare Fin. Services*, 322 F.3d 888, 891 (5th Cir. 2003).  *See Mackey v. Lanier Collection Agency & Serv.*, 486 U.S. 825, 836 (1988) (observing that Congress did not bar assignment of benefits applicable to ERISA welfare benefit plans).

[12]*LeTourneau Lifelike Orthotics & Prosthetics v. Wal-Mart Stores*, 298 F.3d 348, 352 (5th Cir. 2002).

[13]Docket entry # 23, exh. 1.

[14]Docket entry # 23, p. 9.

[15]*See Sprint Communications Co. v. APCC Services*, 128 S. Ct. 2531, 2541 (2008) ("The history and precedents . . . make clear that courts have long found ways to allow assignees to bring suit; that

should deny Unicare's motion.

**Recommendations**.  For the reasons discussed above, I recommend that the district court: (1) DENY Harwood's motion to remand (docket entry # 7) because this case presents a federal question under ERISA, and (2) DENY Unicare's motion to dismiss (docket entry # 23) because neither ERISA nor the plan at issue precludes assignment of claims.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[16] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[17]  Additionally, failure to file timely written objections to the proposed findings,

---

where assignment is at issue, courts . . . have always permitted the party with legal title alone to bring suit; and that there is a strong tradition specifically of suits by assignees for collection.").

[16]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[17]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[18]

      **SIGNED** on April 19, 2010.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[18]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).