**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN HARWOOD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **UNICARE LIFE & HEALTH** | § | **SA-09-CV-0845 OG (NN)** |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER RE AMENDED COMPLAINT

This order addresses: (1) defendant Unicare Life & Health Insurance Company's (Unicare's) motion to strike plaintiff John Harwood's amended complaint,[1] (2) Harwood's motion to file a third amended complaint,[2] and (3) Harwood's motion for an extension of time to amend or supplement pleadings.[3]

Harwood filed this case in state court, asserting state-law claims.  Unicare removed the case on grounds that ERISA preempts Harwood's state-law claims.  In response, Harwood amended his complaint to state a claim under ERISA.[4]  Unicare sought to strike the amended complaint because Harwood did not seek leave to file an amended complaint and because the amended complaint included a jury demand.[5]  Harwood then asked for leave to file a third

---

[1]Docket entry # 16.

[2]Docket entry # 26.

[3]Docket entry # 28.

[4]Docket entry # 14.

[5]Docket entry # 16.

amended complaint, the same as the previously-filed amended complaint.[6]  Unicare opposed the

third amended complaint for its previously-urged reasons.[7]  Harwood also asked for an

opportunity to amend his complaint after the court rules on his motion to compel production of

Serenity Harwood's administrative record.[8]  Unicare objected to an extension because it

maintains Harwood is not entitled to the administrative record because he lacks standing.[9]

Little progress has been made in this case because several central matters are in dispute:

i.e., whether Harwood has standing to pursue an ERISA claim and Harwood's entitlement to

Serenity Harwood's administrative record.  My report and recommendation addressed the first

issue.  I will issue a ruling on the latter issue after the district judge considers the report and

recommendation.  In the meantime, no serious question exists that Harwood's complaint requires

amendment to assert an a ERISA claim.

Plaintiff's motion for leave to amend is authorized by Federal Rule of Civil Procedure

15(a) which provides as follows:

> (a)      Amendments.  A party may amend the party's pleading once as a matter of
> course at any time before a responsive pleading is served or, if the pleading is one
> to which no responsive pleading is permitted and the action has not been placed
> upon the trial calendar, the party may so amend it at any time within 20 days after
> it is served. Otherwise a party may amend the party's pleading only by leave of
> court or by written consent of the adverse party; and leave shall be freely given
> when justice so requires.

------

[6]Docket entry # 26.

[7]Docket entry # 33.

[8]Docket entry # 28.

[9]Docket # 35.

Rule 15(a) evidences a bias in favor of granting leave to amend.[10]  Following the Supreme Court's guidance, the Fifth Circuit uses five factors to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.[11]   Absent any of these factors, the leave sought should be "freely given."[12]

Unicare objects to the amendment because the proposed amended complaint includes a jury demand.[13]  A plaintiff asserting an ERISA claim is not entitled to a jury trial.[14]  That portion of the proposed amended complaint that includes a jury demand is futile.  However, granting the motion to strike the entire proposed amended complaint  will not progress this case and will unnecessarily increase litigation costs because it will require Harwood to seek the court's leave to file another amended pleading.  In contrast, construing the motion to strike so as to strike only the jury demand will progress the case by curing the pleading deficiency, without unnecessarily increasing the costs of this case.

For these reasons, it is ORDERED that

1.      Insofar as Unicare moved to strike Harwood's entire amended complaint (docket entry # 16), that motion is DENIED.

---

[10]**Smith v. EMC Corp**., 393 F.3d 590, 595 (5th Cir. 2002).

[11]**Rosenzweig v. Azurix Corp.**, 332 F.3d 854, 864 (5th Cir.2003) (citing **Foman v. Davis**, 371 U.S. 178, 182 (1962)).

[12]**Foman**, 371 U.S. at 182.

[13]Docket entry # 16, p. 4; docket entry # 33, p. 2-3.

[14]**See Borst v. Chevron Corp**., 36 F.3d 1308, 1324 (5th Cir. 1994) (determining that the district judge did not err by striking an ERISA plaintiff's jury demand).

2.      Unicare's motion to strike the jury demand is GRANTED.

3.      Harwood's request to file a third amended complaint (docket entry # 26) is

GRANTED.

4.      Because the scheduling-order deadlines have been stayed, Harwood's motion for

an extension of time to amend his complaint (docket entry # 28) is also

GRANTED.

5.      The parties are directed to submit a joint proposed amended scheduling order

which includes deadlines for amended pleadings and file same no later than 14

days after receipt of the Order adopting/rejecting the pending report and

recommendation.

**SIGNED** on May 3, 2010.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE