UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN HARWOOD, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| UNICARE LIFE & HEALTH INSURANCE COMPANY, | § § § § | SA-09-CV-0845 OG (NN) |
| Defendant. | § § | |

### ORDER GRANTING MOTION TO COMPEL (DOCKET ENTRY 21)

The matter before the court is plaintiff's motion to compel (docket entry 21). Also before the court are defendant's response, and plaintiff's reply and supplemental reply (docket entries 23, 24, and 30).

Plaintiff filed this lawsuit to recover $28,000 he paid for psychiatric treatment for his ex-wife, for which defendant/insurer declined coverage. Plaintiff was awarded the claim as part of a divorce decree. By the motion plaintiff asks the court to compel defendant to produce all documents bearing on the claim, including the administrative record of the denial of the claim. Defendant responds that the information is "Protected Health Information" (PHI) and that disclosure of this information to plaintiff has not been authorized in the manner required by federal regulations and statutes. Defendant points to a number of inadequacies in the documents attached to the motion to compel which attempt to demonstrate that the insured/ex-wife granted authorization for the disclosure of the documents to plaintiff.

One of the objections raised by defendant is that plaintiff does not have standing to bring this lawsuit; an objection made in its answer and by way of a motion to dismiss. That objection

was rejected by the District Court (Docket entry 46).  Accordingly, the objection to production based on lack of standing is overruled.

To address the other objections plaintiff filed a supplemental reply (docket entry 30) and argues that the new authorization documents executed by plaintiff's ex-wife and which are attached to that reply cure any prior defects.  The most recent authorization documents modify the expiration date to the "date of final resolution of claim by suit or otherwise."  Further, the insured/ex-wife executed a separate authorization specifically permitting disclosure of psychotherapy notes.  Defendant did not respond to the supplemental briefing.

The documents attached to the supplemental reply cure the deficiencies in the prior authorization document.  Nevertheless, the Court notes that defendant requested that the production of these documents be subject to a mutually agreeable protective order, which includes a strict "attorneys eyes only" provision.[1]  The Court agrees that this request is warranted, and so orders.

For the reasons stated above, the motion to compel (Docket entry 21) is **GRANTED**.  Defendant is directed to produce the administrative record and psychotherapy notes subject to a mutually agreeable protective order which includes an "attorneys eyes only" provision, within 15 days of the date of this Order.

**SIGNED** on May 14, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[1] Docket entry 23, footnote 26.